NWOKORO & SCOLA, ESQUIRES
44 Wall Street, Suite 1218
New York, NY 10005
Tel.: (212) 785-1060
Attorneys for plaintiff

---------------------------------**X**----------------------------

| | |
|---|---|
| TIEASHA STEPHENS, | **:UNITED STATES DISTRICT COURT** |
| | **:SOUTHERN DISTRICT OF NEW YORK** |
| Plaintiff(s), | : |
| | : CASE No.: |
| against | : |
| | : CIVIL ACTION |
| | : |
| THE CITY OF NEW YORK, CORRECTION | : **COMPLAINT** |
| OFFICER SHAQUANNA GATLING, and | : |
| CAPTAIN ADOLFO FLORES, | : |
| | : **PLAINTIFF DEMANDS** |
| | : TRIAL BY JURY |
| | : |
| | : |
| Defendant(s). | : |

---------------------------------**X**----------------------------

TAKE NOTICE, the Plaintiff, Tieasha Stephens, hereby appears in this action by his attorneys, Nwokoro & Scola, Esquires, and demands that all papers be served upon them, at the address below, in this matter.

Plaintiff, Tieasha Stephens, by her attorneys, Nwokoro & Scola, Esquires, complaining of the defendants, The City of New York, Correction Officer Shaquanna Gatling, and Captain Adolfo Flores, collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute,

ordinance, regulation, custom, and or to redress the
deprivation of rights, privileges, and immunities secured
to the plaintiff by the Fourth, Fifth and Fourteenth
Amendments to the Constitution of the United States, and by
Title 42 U.S.C. § 1983 [and § 1985], and further arising
under the law and statutes of the State of New York].

## JURISDICTION

2.  The jurisdiction of this Court is invoked under 28 U.S.C.
    §1343(3), this being an action authorized by law to redress
    the deprivation of rights secured under color of state and
    city law, statute, ordinance, regulation, custom and usage
    of a right, privilege and immunity secured to the plaintiff
    by the Fourteenth Amendment to the Constitution of the
    United States.  Jurisdiction of this court exists pursuant
    to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth
    Amendments to the United States Constitution.

3.  All causes of action not relying exclusively on the
    aforementioned federal causes of action as a basis of this
    Court's jurisdiction are based on the Court's supplemental
    jurisdiction pursuant to 28 U.S.C. §1367 to hear state law
    causes of action. The events, parties, transactions, and
    injuries that form the basis of plaintiff's federal claims
    are identical to the events, parties, transactions, and
    injuries that form the basis of plaintiff's claims under
    applicable State and City laws.

4.  As the deprivation of rights complained of herein occurred
    within the Southern District of New York, venue is proper
    in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## <u>SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT</u>

5.   All conditions precedent to the filing of this action have been complied with. On December 27, 2016, within ninety days after the false Arrest and other claims alleged in this complaint arose, a sworn written notice of claim, was served upon the defendant City of New York. The plaintiff's claim was assigned the number 2016PI036329 by the City of New York's Comptroller's office.

6.   At least thirty days have elapsed since the service of the abovementioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7.   This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## <u>PARTIES</u>

8.   Plaintiff resides in Bronx, New York and is a resident of the State of New York.

9.   The actions which form the underlying basis for this case all took place in the County of New York, within the jurisdiction of the Southern District of New York.

10.  Defendants Flores and Gatling are Uniformed members of the New York City Department of Corrections, and employees of the City of New York acting under color of state law. They are being sued in both their individual and official capacities.

11.  The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Correction Officers.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. Plaintiff's son, 22 years old Robert Smith, was at all material times, incarcerated at Riker's Island Correctional Facility and plaintiff visited her son periodically, once every week, at Riker's Island.

13. In April 2014, Robert Smith told the plaintiff that defendant Gatling hit him with a phone and injured him. Plaintiff then called 311 to report this incident and complain about Gatling's conduct.

14. Two months after this incident, the mistreatment of Robert Smith, intensified. Mr. Smith was assigned to a room with a room mate who punched him and fractured his face. Mr. Smith was then placed in solitary confinement.

15. In a bid to save her son, plaintiff made numerous phone calls to the Internal Affairs Department of the New York City Department of Corrections, and also to the office of Public Advocate Leticia James. Plaintiff made specific complaints that her son was being abused by Correction Officers including Captain Adolfo Flores and Correction Officer Shaquanna Gatling.

16. Defendants Gatling and Flores were aware of the complaints made by the plaintiff.

17. On January 1, 2015, plaintiff went to Riker's Island Correctional Facility to visit her son. She gained entrance at the main gate, was searched at the general facility entrance, and then taken by bus to the checkpoint/entrance of the specific facility within Riker's Island, where her son was housed, the Eric M. Taylor Center (EMTC). Defendant Gatling was the Correction Officer on duty that afternoon at the EMTC Security Checkpoint/Entrance.

18 At the EMTC, plaintiff was instructed to take all her belongings and place it in a locker prior to entering the

facility. Plaintiff complied, but forgot to check her back pocket, where she had two ten dollar bills.

19. Defendant searched the plaintiff prior to entry. She instructed the plaintiff to pull up her dress and to empty her pockets. At this time, plaintiff realized that she had two ten dollar bills in her back pocket, and she took them out and held it over her head.

20. It is not an uncommon occurrence for a visitor to have something in their pockets prior to entry into the facility. Typically, when that happened, the Correction Officer would instruct the visitor to return to the locker assigned to the visitor and leave the item in the locker. This has been plaintiff's previous experience, however, on this day, defendants Gatling and Flores saw an opportunity to punish the plaintiff for her previous complaints and to physically abuse the plaintiff in the same manner that they had physically abused her son.

21. As soon as defendant Gatling saw the money held up by the plaintiff, she stated, "Oh, you are under arrest". Defendant Gatling then called for defendant Flores.

22. Defendant Flores appeared within five minutes of the call and immediately placed his hands on the plaintiff while letting loose a stream of verbal abuse. He stated, "put your fucking hands behind your back", and "shut the fuck up, Bitch", and then "Brooklyn all day".

23. Defendant Flores grabbed plaintiff by her neck and arm and pushed plaintiff to the ground with the help of defendant Gatling. Defendant Gatling held both of plaintiff's arms behind her back and twisted it as far back as it could go and also pulled plaintiff's right thumb back.

24. While this was going on, plaintiff was telling the defendants that she recently had neck surgery in July 2014,

5

and could not withstand such physical abuse, but defendant Flores told her to "shut the fuck up Bitch" and kept shouting, "Brooklyn all day".

25. Notwithstanding the fact that plaintiff offered no physical threat whatsoever to defendants Gatling and Flores, they pushed down on the plaintiff and twisted her arms so hard that she lost consciousness.

26. Upon information and belief, at this time, an ambulance was summoned, which took the plaintiff, now in handcuffs and with her feet shackled together, to Mount Sinai Hospital under the guard of two Correction Officers.

27. Plaintiff recovered consciousness while in the ambulance on the way to Mount Sinai Hospital. After she was seen but not treated, by medical personnel at Mount Sinai Hospital, plaintiff was brought back to Riker's Island by two Correction Officers.

28. At Riker's Island, plaintiff was finger printed, and photographed, and was told that she was being charged with five counts of unspecified criminal conduct. Later that night, plaintiff was taken, again shackled, handcuffed and under guard, to Central Booking located in Bronx County. At Central Booking, plaintiff was again fingerprinted, and photographed, and then placed in custody with other criminal suspects.

29. Plaintiff was then arraigned and charged with resisting arrest, obstructing government administration, attempted assault, menacing and harassment, all of which were fabrications by defendants Gatling and Flores. Plaintiff was also charged with promoting contraband.

30. At about 1:00 a.m., on the morning of January 2, 2015, plaintiff was released on her own recognizance.

31. Plaintiff was caused to attend the Bronx Criminal Court

multiple times from January 2, 2015, until October 21,
2016, to defend herself from these fabricated charges.

32. Plaintiff was forced to employ legal counsel to defend her
from the criminal charges.

33. On October 21, 2016, after multiple appearances, hearings
and trial, all criminal charges against the plaintiff from
the arrest of January 1, 2015, were dismissed.

34. The decision to arrest the plaintiff was unreasonable under
the circumstances.

35. That while the plaintiff was being detained on January 1,
2015, the defendants Gatling and Flores, completed or
caused to be completed, arrest paperwork, in which they
swore in part, that plaintiff had committed a crime and or
offense.

36. The factual claim by the individual defendants were
materially false and the defendants knew it to be
materially false at the time they first made it, and every
time thereafter, when they repeated it.

37. That the defendant officers forwarded these false
allegations to the Bronx County District Attorney ("BCDA")
in order to justify the arrests and to persuade the BCDA to
commence the plaintiff's criminal prosecution.

38. That as a direct result of these false allegations by the
defendant an officer, the plaintiff was criminally charged.

39. At no time prior to or during the above events was there
probable cause to arrest the plaintiff, nor was it
reasonable for the defendants to believe that probable
cause existed.

40. At no time did any defendant take any steps to intervene
in, prevent, or otherwise limit the misconduct engaged in
by the defendants against the plaintiffs.

41. Defendants Gatling and Flores intentionally and

deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

42. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to physical trauma to her face, arms, neck, and knees, emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

43. The physical assault of the plaintiff by Captain Flores was exacerbated by the fact that plaintiff was the victim of a prior brutal sexual assault.

44. The physical assault of the plaintiff by Captain Flores and CO Gatling was exacerbated by the fact that plaintiff had neck surgery prior to the incident.

45. The false arrest of plaintiffs, and plaintiffs wrongful imprisonment, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

46. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

47. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline Correction Officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

48. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline Correction officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

49. That the defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the New York City Corrections Department (NYC-DOC).

50. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and /or within the NYC-DOC with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYC-DOC. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYC-DOC members engaged in law enforcement conduct themselves in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

51. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYC-DOC employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYC-DOC policy, practice and custom of

utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYC-DOC business in flagrant disregard of the state and federal constitutions, up to and beyond plaintiff's arrest.

52. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYC-DOC, all under the supervision of ranking officers of the NYC-DOC.

53. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

54. 43. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYC-DOC and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.

55. The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

56. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth

Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

57. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION: AGAINST DEFENDANTS GATLING AND FLORES: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

58. By this reference, plaintiff incorporates each and every preceding allegation and averment as though fully set forth herein.

59. The arrest, detention and imprisonment of plaintiff was without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

60. As a result of plaintiffs' false arrest and imprisonment, she has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know her, was prevented from attending to her necessary affairs, and has been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

61. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

62. Defendants Gatling and Flores were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

63. This action falls within one or more of the exceptions of

11

the New York State Civil Practice Law and Rules §1602.

## AS A SECOND CAUSE OF ACTION: AGAINST DEFENDANTS GATLING AND FLORES; MALICIOUS PROSECUTION UNDER 42 U.S.C§ 1983/NEW YORK STATE LAW

64. By this reference, plaintiffs incorporates each and every preceding allegation and averment of this complaint as though fully set forth herein.

65. The commencement and continued prosecution of the criminal judicial proceeding against plaintiff, including the arrest, the imprisonment, and the charges against plaintiffs were committed by or at the insistence of the defendant officers without probable cause or legal justification, and with malice.

66. That defendants Gatling and Flores were directly involved in the initiation of criminal proceedings against the plaintiff.

67. That defendants Gatling and Flores lacked probable cause to initiate criminal proceedings against the plaintiff.

68. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

69. That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

70. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

71. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

72. That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

73. That the defendant officers misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

74. That the defendant officers withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

75. That the defendant officers did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

76. The criminal judicial proceeding initiated against plaintiffs was dismissed on October 21, 2016, and terminated in the plaintiff's favor.

77. The arrest, imprisonment and prosecution of the plaintiff was malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiffs had committed any crimes.

78. The defendants Gatling and Flores actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

79. As a consequence of the malicious prosecution by the defendant officers, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and her constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

80. In addition, the defendant officers conspired among themselves to deprive plaintiff of her constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

81. The defendant officers acted under pretense and color of state law and in their individual and official capacities

and within the scope of their respective employment as Correction Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

82. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS A THIRD CAUSE OF ACTION: AGAINST DEFENDANTS GATLING AND FLORES: USE OF EXCESSIVE FORCE UNDER 42 U.S.C § 1983

83. By this reference, the plaintiffs incorporates each and every preceding allegation and averment of this complaint as though fully set forth herein.

84. The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiff's constitutional rights.

85. As a result of the aforementioned conduct of the defendant officers, the plaintiff was subjected to excessive force, resulting in serious and severe physical injuries.

86. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered serious personal injuries, and her constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

**AS A FOURTH CAUSE OF ACTION: AGAINST EACH DEFENDANTS GATLING AND FLORES: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983**

87. By this reference, the plaintiffs incorporates each and every preceding allegation and averment of this complaint as though fully set forth herein.

88. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

89. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so. As a consequence of the defendant officer's individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A FIFTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION/FALSIFICATION OF EVIDENCE**

90. By this reference, plaintiffs incorporates each and every preceding allegation and averment of this complaint as though fully set forth herein.

91. Each defendant officer created false evidence against the plaintiff.

92. Each defendant officer forwarded false evidence and false information to the prosecutors in the Bronx County District Attorney's office.

93. Each defendant officer was directly involved in the

initiation of criminal proceedings against the plaintiffs.

94. Each defendant officer lacked probable cause to initiate criminal proceedings against the plaintiff.

95. Each defendant officer acted with malice in initiating criminal proceedings against the plaintiff.

96. Each defendant officer was directly involved in the continuation of criminal proceedings against the plaintiff.

97. Each defendant officer lacked probable cause in continuing criminal proceedings against the plaintiff.

98. Each defendant officer acted with malice in continuing criminal proceedings against the plaintiff.

99. Each defendant officer misrepresented and falsified evidence throughout all phases of the criminal proceeding.

100. Each defendant officer misrepresented and falsified evidence to the prosecutors in the Bronx County District Attorney's office.

101. Each defendant officer withheld exculpatory evidence from the prosecutors in the Bronx County District Attorney's office.

102. Each defendant officer did not make a complete statement of facts to the prosecutors in the Bronx County District Attorney's office.

103. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

104. As a consequence of the defendant officers' actions, the plaintiffs suffered loss of liberty, humiliation, mental

anguish, depression, loss of wages from work, and his constitutional rights were violated.  Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

## AS A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION, AND USE EXCESSIVE FORCE  PURSUANT TO ARTICLE 1, SECTION 12, OF THE NEWYORK STATE CONSTITUTION

105. By this reference, the plaintiffs incorporates each and every previous allegation and averment set forth in this complaint as though fully set forth herein.

106. The above-described respective assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention and malicious prosecution of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest, summary punishment, and subsequent detention.

107. As a result of the above-described assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention and prosecution, the plaintiff was caused to suffer loss of liberty, serious personal injuries, humiliation, great mental and physical anguish, embarrassment and scorn among those who know her; was prevented from attending to her necessary affairs, and has been otherwise damaged in his character and reputation.

108. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendant officers, individually and severally.

109. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## AS A SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

110. By this reference, plaintiffs incorporates each and every previous allegation and averment of this complaint as though fully set forth herein.

111. The defendant officers arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

112. The acts complained of were carried out by the individual defendants in their capacities as Correction officers and officials, with all the actual and/or apparent authority attendant thereto.

113. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its Corrections department.

114. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff

of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

(d) The right to be free from the use of excessive force.

115. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

116. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

117. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

118. The defendant officers actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

**AS AN EIGHT CAUSE OF ACTION AGAINST ALL DEFENDANTS:**
**ASSAULT AND BATTERY**

119. Plaintiff repeats and re-alleges every preceding paragraph as if each paragraph is repeated verbatim herein.

120. At the time of the plaintiffs arrest by the defendant officers, the plaintiff did not challenge nor resist the defendants, nor engage in any threatening behavior towards the defendants.

121. However, as set forth above, the defendant officers assaulted the plaintiffs, battered the plaintiffs, and subjected the plaintiff to excessive force and summary punishment.

122. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers' acts as described above.

123. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendants, individually and severally.

124. This action, upon information and belief, falls within one

or more of the exceptions of CPLR 1602.

**AS A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE**

125. Plaintiff repeats and re-alleges each previous paragraph of this complaint as if each paragraph is repeated verbatim herein.

126. As a direct and proximate result of the negligent acts and/or omissions of the defendants as set forth herein, the plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, and mental anguish.

127. That by reason of the said negligence, the plaintiffs suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that she will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and is still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future she will continue to be deprived of such pursuits; and that said injuries are permanent. The defendant officers were at all material times acting within the scope of their employment, and as such, the City defendant is vicariously liable for the defendant officers acts as described above.

128. This cause of action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

Dated: June **24**, 2017,
       New York, New York

.

_____*/s/*_____

Chukwuemeka Nwokoro, Esq.
Nwokoro & Scola, Esquires
Attorney for Plaintiff
44 Wall Street, Suite 1218
New York, New York 10005
Tel. (212) 785-1060